**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CRYSTAL BITON, et al., | Civil Action No.: 24-11458 |
| Plaintiffs, | |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, et al. | |
| Defendants. | |

**CECCHI, District Judge.**

Before the Court is the complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 (ECF No. 1-3) filed by pro se Plaintiffs Crystal Biton and Danielle Biton.  For the reasons set forth below, Plaintiffs' IFP application is hereby granted and, upon screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiffs' complaint is hereby dismissed without prejudice.

**WHEREAS** having considered Plaintiffs' IFP application (ECF No. 1-3), the Court finds that Plaintiffs' financial condition renders the $405.00 filing fee a hardship.  Accordingly, IFP status is appropriate, and Plaintiffs' application is granted; and

**WHEREAS** the Court must now screen Plaintiffs' complaint to determine whether this action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also, e.g.*, *Scott v. Bailey*, No. 22-1155, 2022 WL 4104215, at *1 (D.N.J. Sept. 8, 2022) ("Because Plaintiff has submitted an application to proceed under [IFP] status, this Court is required to screen his complaint under 28 U.S.C. § 1915(e)(2)(B).").  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the

same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (internal citation omitted). Because Plaintiffs are proceeding pro se, the Court will liberally construe their complaint. *See Caiby v. Ferguson*, 788 F. App'x 830, 831 (3d Cir. 2019); and

**WHEREAS** Plaintiffs' complaint appears to invoke this Court's federal question jurisdiction, citing the Bill of Rights, the Sarbanes Oxley Act, and "disability human rights" as the predicates for such jurisdiction. ECF No. 1 at 2. Although the complaint is difficult to discern, Plaintiffs appear to assert various grievances against a number of governmental and private entities and individuals. *See id.* at 1. Plaintiffs purport to allege: (1) identity theft; (2) due process violations; (3) "unconstitutional" denial of various medical care; (4) illegal seizure and theft of property; (5) stalking; (6) a "plan to rob and thief us of all our possession [sic];" (7) "illegal[] attack by two Police lawyers" causing "serious physical injuries;" (8) exposure to "harmful chemicals;" (9) deprivation of "healthcare, employment, Bill of Rights, FDIC, SOX, [and] Americans Disability Rights." *Id.* at 2–4. The relief Plaintiffs seek includes the return of "all of our assets [and] properties" and compensation for "loss [sic] time from work." *Id.* at 4; and

**WHEREAS** the Court will dismiss Plaintiffs' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] "[T]o survive a *sua sponte* screening for failure to state a claim, the Complaint must allege 'sufficient factual matter' to show that the claim is factually plausible." *Velasquez v. Sharp*, No. 23-1826, 2023 WL 2812537, at *2 (D.N.J. Apr. 5, 2023) (quoting *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). "A *pro se* complaint may be dismissed for failure

---

[1] The Court notes that Plaintiffs' complaint is also likely subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii) as to federal defendants United States of America, Department of Justice, and IRS, whose purported conduct, if adequately alleged, would likely be protected by sovereign immunity. *See Gary v. Gardner*, 445 F. App'x 466–67 (3d Cir. 2011) (finding federal defendants entitled to sovereign immunity from suit absent an explicit congressional waiver).

to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Ojserkis v. Aprile*, No. 06-5089, 2007 WL 559793, at *2 (D.N.J. Feb. 7, 2007) (internal citation omitted); and

**WHEREAS** the Court is unable to discern most of Plaintiffs' complaint, and where it can, the assertions are fragmented and conclusory.  For example, Plaintiffs seek the return of their property, but do not mention what property was seized, by whom it was seized, what made the seizure unlawful, or any attendant facts to substantiate the claim.  *See* ECF No. 1 at 3–4.  The Court likewise cannot discern which alleged statutory and constitutional violations to attribute to each defendant.  *See id.* 2–4.  Where Plaintiffs do identify defendants in their allegations, the claims are merely bare assertions without adequate factual matter to sufficiently state a claim.  *See Velasquez*, 2023 WL 2812537, at *2.  Plaintiffs also do not identify which provisions of the cited statutes they rely on for each cause of action.  ECF No. 1 at 2.  Thus, assuming this Court has jurisdiction, the complaint, even liberally construed, fails to allege sufficient factual matter to plausibly assert any claim.  *See Velasquez*, 2023 WL 2812537, at *2; and

**WHEREAS** Plaintiffs have filed nearly eighty letters, exhibits, documents, and motions in the instant matter, most of which appear to be frivolous or are indiscernible.  When a plaintiff applies for IFP status, their case may not proceed until the Court grants IFP status and screens the complaint.  *See Hunt v. McNulty*, No. 19-12249, 2019 WL 2121366, at *1 (D.N.J. May 13, 2019).  If the Court dismisses the complaint upon screening, as it does here, the case is deemed closed until the plaintiff files an amended complaint.  *See Smith v. United States*, No. 08-2806, 2009 WL 2059421, at *3 (D.N.J. July 7, 2009).  Therefore, Plaintiff shall not send emails to the Clerk's Office for filing on this docket unless it is to submit an amended complaint.

Accordingly, **IT IS** on this 30th day of September, 2025,

3

**ORDERED** that Plaintiffs' IFP application (ECF No. 1-3) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that, to the extent that Plaintiffs are able to cure the pleading deficiencies identified in this Order, they shall have sixty (60) days from entry of this Order to submit an amended complaint; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter **CLOSED**; and it is further

**ORDERED** that the Clerk of the Court shall not file Plaintiffs' continuing email communications on the docket of this closed case unless Plaintiffs submit an amended complaint. The Clerk of the Court may resume filing Plaintiffs' submissions if and when the Court screens the amended complaint; and it is further

**ORDERED** that if Plaintiffs timely file an amended complaint that comports with the Court's Order, the Clerk of the Court shall re-open this matter at that time.

**SO ORDERED.**

_/s/ Claire C. Cecchi_
_____
**CLAIRE C. CECCHI, U.S.D.J.**

4